### IN RE: VERIZON WIRELESS DATA CHARGES LITIGATION.

#### MDL No. 2141.

United States Judicial Panel on Multidistrict Litigation.

April 02, 2010.

Before JOHN G. HEYBURN II, CHAIRMAN, ROBERT L. MILLER, JR.*, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., DAVID G. TRAGER *, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Before the Panel is a motion that encompasses two actions in the District of New Jersey and one action in the Northern District of Georgia as listed on Schedule A.[1] Plaintiff in one District of New Jersey action moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of these actions in the District of New Jersey. All responding parties agree to centralization under Section 1407, but disagree upon the appropriate choice for transferee district.

Lone defendant Cellco Partnership d/b/a Verizon Wireless (Verizon Wireless) supports the motion for centralization in the District of New Jersey. Plaintiffs in the other District of New Jersey action, the District of New Jersey potential tag-along action and the Northern District of New York potential tag-along action also support centralization in the District of New Jersey.

Plaintiff in the Northern District of Georgia action proposes centralization in the Northern District of Georgia or, in the alternative, in the Southern District of California. Plaintiffs in two potential tag-along actions in Southern District of California and the potential tag-along actions in Northern District of California, Southern District of Texas and Western District of Washington suggest centralization in the Southern District of California. Plaintiff in a Southern District of California potential tag-along action (*Rogers*) represents that plaintiff in the Southern District of Texas potential tag-along action also supports centralization in the Southern District of California.

■■ On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual allegations that Verizon Wireless improperly charged for nominal data usage that its subscribers did not request, order or accept. Plaintiffs in these putative class actions further allege that Verizon Wireless is aware of the billing issue, but has failed to remedy it. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification issues; and conserve the resources of the parties, their counsel and the judiciary.

---

\* Judges Miller and Trager took no part in the decision of this matter.

1. The parties have notified the Panel of fifteen related actions pending in ten federal districts. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

We are persuaded that the District of New Jersey is an appropriate transferee district for this litigation. Common defendant Verizon Wireless has its headquarters in New Jersey, giving the district a clear nexus to the allegations, and centralization in the District of New Jersey has the support of moving plaintiffs, defendant Verizon Wireless, and plaintiff in an action pending outside the district. Centralization in this district also permits the Panel to assign the litigation to an experienced transferee judge who is already presiding over the three actions pending in the District of New Jersey.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the District of New Jersey is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings with the actions in that district.

### SCHEDULE A

**MDL No. 2141—IN RE: VERIZON WIRELESS DATA CHARGES LITIGATION**

*Northern District of Georgia*

    *Jessica Slater v. Cellco Partnership,* C.A. No. 1:09–3392

*District of New Jersey*

    *Derick Brian Moore, et al. v. Cellco Partnership,* C.A. No. 3:09–4592
    *Donna Heaton v. Cello Partnership,* C.A. No. 3:09–6270

---

\* Judges Miller, Damrell and Trager took no part in the decision of this matter.

1. The parties have notified the Panel of eight related actions pending in the Northern Dis-